```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF WISCONSIN
```

ROBERT PIERRE KIDD,

                Plaintiff,

v.                                                  ORDER

BRIAN FOSTER, JOEL SANKEY,                      18-cv-831-jdp
MATTHEW HUELSMAN, and JESSIE SCHNEIDER,

                Defendants.

Plaintiff Robert Pierre Kidd, appearing pro se, is a prisoner at Waupun Correctional Institution. Kidd filed several cases about prison officials mistreating him when they respond to his seizures; I combined all of those cases under this case number, granted him leave to proceed against four defendants, and directed Kidd to file an amended complaint explaining his allegations against the other prison officials he wished to sue. Dkt. 11.

Kidd has filed a letter discussing his claims, Dkt. 20, and two proposed amended complaints, Dkt. 21 and Dkt. 23. Kidd has also filed a variety of other motions.

## A. Amended complaints

The biggest problem with Kidd's previous filings was that he scattered his allegations about seizure treatment among several complaints. Kidd has fixed that problem by consolidating his allegations and setting out some details about each incident in a pattern of treatment occurring over several years. And he has now identified more than 20 defendants he identifies by name, as well as several "John Doe" defendants. But Kidd only explains how a few of those defendants were connected to any of the particular incidents. So I cannot accept either of his proposed amended complaints. Instead, I'll give him a final chance to submit an amended complaint that explains how each defendant was involved in violating his rights.

Kidd should organize his new amended complaint much like his current attempts, giving the date of each individual incident in which he believes he was mistreated. But he must also explain which of the defendants were involved in each incident and specifically what they did to harm him. It will not be enough for him to provide a list of 20 or so defendants; he will need to explain how each defendant was involved. If Kidd fails to properly amend his complaint, I will allow him leave to proceed only on the claims I approved in my previous screening order. *See* Dkt. 11.

**B. Other motions**

Kidd has filed a series of motions asking for the court to arrange for payment of his filing-fee debt to this court, either by use of his veteran's pension or his prison trust fund account. *See* Dkt. 27; Dkt. 31; Dkt. 34; Dkt. 47. He suggests that prison officials are blocking his attempts to withdraw funds to pay off his debt faster than it would be paid off under the filing-fee payment mechanism of 28 U.S.C. § 1915(b). But the clerk of court has informed me that Kidd has paid in full all of his fees, so the issue is moot. Kidd also mentions that he was overcharged for postage in conjunction with his attempts at paying his filing fees. But that issue is not related to the claims in this lawsuit so I cannot consider it now.

Kidd has filed a motion asking for preliminary injunctive relief ordering prison officials to transfer him to the Wisconsin Resource Center, where he believes that he will receive better treatment regarding his seizures. Dkt. 35. But Kidd has not followed this court's rules for motions seeking injunctive relief, so I will deny his motion. To show that he is entitled to injunctive relief in this court, the party seeking such relief must file detailed findings of fact, supported by evidence, explaining the need for an injunction. I've already sent Kidd a copy of

this court's rules for this type of motion, but I will attach another copy of those procedures to this order. Kidd should follow those instructions in any future motion seeking injunctive relief.

Kidd has filed a motion asking the court to recruit counsel to assist him with this case because he has recently suffered a string of seizures. Dkt. 26 and Dkt. 37. To show that it is appropriate for the court to recruit counsel, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Kidd has not submitted any such letters, which is reason enough to deny his motion.

Even had Kidd submitted three rejection letters, I would deny the motion, because the court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654, 654–55 (7th Cir. 2007) (en banc). The court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring). I understand Kidd's concern that his medical condition will hamper his ability to litigate the case, but he has been able to submit filings both before and after the episodes he describes in his motion, so he should be able to continue on his own, working around those episodes. Therefore, I will deny Kidd's

motion. As the case progresses, if he continues to believe that he is unable to litigate the lawsuit himself, then he may renew his motion, but he will have to explain what lawyers he has contacted and why he cannot litigate the case himself. If Kidd is incapacitated by seizures as he approaches a deadline set for him in this case, he should inform the court and I will consider extending the schedule to accommodate him.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Pierre Kidd may have until November 12, 2019, to submit a proposed amended complaint stating claims against each of the defendants he wishes to sue in this lawsuit.

2. Plaintiff's motions for an order regarding his funds, *see* Dkt. 27; Dkt. 31; Dkt. 34; Dkt. 47, are DENIED.

3. Plaintiff's motion for injunctive relief, Dkt. 35, is DENIED without prejudice. The clerk of court is directed to send plaintiff this court's procedures for filing motions for injunctive relief.

4. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 26 and Dkt. 37, is DENIED.

Entered October 22, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge