IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

                Plaintiff,

v.                                                   OPINION and ORDER

BRIAN FOSTER, JOEL SANKEY,                       18-cv-831-jdp
MATTHEW HUELSMAN, and JESSIE SCHNEIDER,

                Defendants.

---

      Plaintiff Robert Pierre Kidd, appearing pro se, is a prisoner at Waupun Correctional Institution (WCI). Kidd suffers from a seizure disorder. He filed several cases about prison officials responding to his seizures by using excessive force on him, placing him in segregation, and confiscating money from his trust account for restitution or other purposes. I combined all of those cases under this case number, and I granted him leave to proceed on official-capacity claims under the Eighth and Fourteenth Amendments against defendant Warden Brian Foster for the policies that caused Kidd to be subjected to repeated mistreatment for his seizures. *See* Dkt. 11. Foster is no longer the warden at WCI, so I'll change the defendant on the official-capacity claims to the current warden, Randall Hepp. I also granted Kidd leave on individual-capacity Eighth Amendment claims against defendants Joel Sankey, Matthew Huelsman, and Jessie Schneider for using excessive force against him and for failing to provide him with proper care for his medical problem in relation to one of the several seizure-related incidents he discusses in his complaint. *Id.*

      In his previous complaints, Kidd discussed several other seizure-related incidents and it appeared that he wanted to bring individual-capacity claims against the prison officials involved in the other incidents. But he did not explain which individual WCI employees harmed him or

punished him for having seizures. I gave Kidd a chance to amend his complaint to include as defendants all of the individuals who participated in the various incidents in which he was harmed. *Id.* But in two amended complaints, Kidd continued to fail to explain how the many defendants he named were involved in specific incidents. I gave him a final chance to amend his complaint and I told him that if his next attempt failed, I would allow him leave to proceed only on the claims that I approved in my previous screening order. Dkt. 50, at 2. Currently before the court is a series of documents that Kidd has filed, including attempts at amending the complaint.

A. **Proposed amendments to the complaint**

Kidd filed a submission titled in part "Statement of Facts" to which he attaches a packet of documents that I take him to be submitting as evidence in support of his claims. *See* Dkt. 54 and its attachments. In this document, Kidd names ten "John Doe" defendants, but he does not do what I had asked in my previous order: explain specifically what each of those people did that violated his rights. Instead, Kidd runs through the various evidentiary documents he has attached and he explains what those say. At summary judgment or trial, it will be important that Kidd uses documents like these to explain how prison officials mistreated him. But now is not the time for Kidd to submit evidence to the court. Neither the submission nor its attachments are documents that I can consider as an amended complaint.

There is a portion of that filing that I construe to be a motion to reconsider the legal theories under which Kidd may proceed. Kidd contends that prison officials have violated his rights under the Americans with Disabilities Act (ADA) and Rehabilitation Act. Dkt. 54, at 10. Title II of the ADA provides that qualified individuals with disabilities may not "by reason of . . . disability, be excluded from participation in or be denied the benefits of the services,

programs or activities of a public entity." 42 U.S.C. § 12132. "State prisons fall squarely within the statutory definition of 'public entity,'" *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998), and state prison officials can be sued under the ADA for declaratory and injunctive relief, *Radaszweski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 606 (7th Cir. 2004). However, given the uncertainty about the availability of damages under Title II, the Court of Appeals for the Seventh Circuit has suggested replacing a prisoner's ADA claim with a parallel claim under the Rehabilitation Act, 29 U.S.C. § 701 et seq., where damages are available against a state that accepts federal assistance for prison operations, as all states do. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012) ("As a practical matter, then, we may dispense with the ADA and the thorny question of sovereign immunity, since Jaros can have but one recovery." (citation omitted)). I will follow the court of appeals' suggestion and address Kidd's claim under the Rehabilitation Act only.

For Kidd to state a claim under the Rehabilitation Act, he must allege that "(1) he is a qualified person (2) with a disability and (3) [the defendant] denied him access to a program or activity because of his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir.) (quoting *Jaros*, 684 F.3d at 672). Kidd alleges that he was placed in segregation because of his seizure disorder; at this point I'll assume that Kidd's seizure disorder is a disability and that his placement in segregation kept him from services, programs, and activities available to inmates in general population. *See Andrews v. Rauner*, No. 3:18-CV-1101, 2018 WL 3748401, at *5 (C.D. Ill. Aug. 6, 2018) (placing inmate in solitary confinement because of her mental disability stated ADA and Rehabilitation Act claims); *Corbin v. Indiana*, No. 3:16-CV-602-PPS/MGG, 2018 WL 1920711, at *4 (N.D. Ind. Apr. 23, 2018) (for purpose of ADA and Rehabilitation Act claims, it was plausible to infer that plaintiff was placed in segregated housing because of

3

disability). So I'll grant Kidd leave to proceed on a Rehabilitation Act claim. That claim is properly brought against Kevin A. Carr, the current DOC secretary, in his official capacity. *See* 42 U.S.C. § 12131(1)(B); *Jaros*, 684 F.3d at 670 n.2 (noting that because individual capacity claims are not available, the proper defendant is the agency or its director in his official capacity). I will direct the clerk of court to update the case caption accordingly.

Kidd's second submission is a filled-out complaint form. Dkt. 61. But the submission is not an amended complaint addressing the concerns discussed above. Instead, it's a supplement to his existing allegations: Kidd attempts to add claims that officers have mischarged or overtaxed him for purchases. I will not allow Kidd to add those claims to this lawsuit because he does not explain which individual defendants are responsible for the overcharges, and because these overcharges do not appear to be related to defendants' actions regarding his seizures, so they cannot be included in the same lawsuit. *See* Fed. R. Civ. P. 20(a)(2).

Because Kidd did not submit an amended complaint that complies with the Federal Rules of Civil Procedure, the case will continue with only (1) the claims that I approved in my previous screening order; and (2) his Rehabilitation Act claim. The operative pleading in this case is a combination of Kidd's complaint in this case, Dkt. 1, and his complaint in 17-cv-597-jdp, Dkt. 12, which has already been docketed in this case. Defendants have already answered the allegations in the '597 case. I'll give them a short time to answer the claims against Hepp and Carr.

After filing the two submissions discussed above, Kidd filed a motion for extension of time to file an amended complaint, stating that he did not receive a complaint form or a preliminary injunction form from the court. Dkt. 67. I'll deny this motion. Whether Kidd received a complaint form from the court is irrelevant: he already filed Dkt. 61 on a complaint

form, and in any event a complaint doesn't have to be filled out on a form. If what Kidd means to say is that he would like to amend his complaint further, regardless of my previous deadline to do so, he may ask for leave to do so, but he will have to get defendants' written consent or he will have to explain to the court why the interests of justice require allowing him to amend his complaint yet again. *See* Fed. R. Civ. P. 15(a)(2).

The court doesn't have a form for motions for preliminary injunctive relief, but as I've stated in previous orders, it does have procedures to be followed in making this type of a motion. I'll have the clerk of court send Kidd another copy of those procedures.

**B. Recruitment of counsel**

Kidd has renewed his motion for the court's assistance in recruiting him counsel. Dkt. 55 and Dkt. 59. I previously denied his motion in part because he failed to show that he had made reasonable efforts to locate an attorney on his own. *See* Dkt. 50, at 3. Kidd still has not submitted any documents showing that he has asked at least three lawyers to help him and that they have turned him down. Kidd states that his mental focus and train of thought are affected by his periodic seizures, so I take him to be saying that he can't contact counsel or litigate the case himself. But this is the same argument that I previously rejected. Kidd has been able to submit filings both before and after his seizure episodes, so he should be able to continue with the case on his own and contact lawyers, working around his episodes. I will deny his renewed motion, again without prejudice. Kidd can renew his motion, but he will have to explain what lawyers he has contacted and what specific litigation tasks he cannot complete himself.

**C. Other motions**

Kidd has submitted a letter asking that his statement about an incident in January 2020 in which a correctional sergeant accused him of faking seizures be added to the record. Dkt. 66. I'll deny the motion as unnecessary because any time a party files a document it is added to the record. But as I stated with regard to the packet of evidentiary materials that Kidd submitted in response to my last order, now is not the time for Kidd to submit evidence to the court. I note further than even if Kidd re-submitted this letter at the summary judgment stage of the case, I could not consider it because it is not a valid declaration: Kidd does not declare that the contents of his letter are true under penalty of perjury, as is required under 28 U.S.C. § 1746. If Kidd submits a declaration later in the proceeding, he will have to follow § 1746 and the Federal Rules of Evidence in preparing it.

Kidd has filed two motions asking that a more recent case of his, No. 20-cv-83-jdp, be "added" to this case, and he suggests that his filing fee in this case should have covered the '83 case as well. Dkt. 73 and Dkt. 74. Although I combined several of his earlier cases together into this one, I will not do so with the '83 case. In that case he includes an allegation about an unnamed sergeant in January 2020 refusing to address Kidd's concern about being placed in an upper-floor cell because of the danger it would pose to Kidd if he had a seizure while near the stairs or railing. Kidd also alleges that WCI staff deprived him of a fan and a radio that he had purchased. I'll deny Kidd's motion to join the '83 case with this one because I already gave Kidd a chance to file a complete amended complaint naming all of the individual defendants he wishes to sue, and he failed to do so. I will not accept further piecemeal allegations about individual incidents to add to an operative pleading that is already a combination of two complaints. And his claim about property being confiscated is not related to his seizures and

does not belong in this case. I'll screen the '83 complaint in another order. Kidd will continue to owe a separate filing fee for the '83 case. Kidd asks how much he owes for each case; I'll direct the clerk of court to let him know his balance for each case.

Kidd has filed a motion asking the court to force defendants to present to the court all of the video evidence and disciplinary "tickets" that he has received, which he believes will show that he has been mistreated. I'll deny the motion because this isn't how a party on a federal lawsuit gets evidence from another party. Kidd must use the discovery procedures set out in the Federal Rules of Civil Procedure to ask defendants to turn over materials he wants, and if he thinks that defendants are failing to follow those rule properly he can file a motion to compel discovery. After defendants answer the portion of the complaint that they have not yet responded to, the court will hold a preliminary pretrial conference by phone. Magistrate Judge Stephen Crocker will explain some of the procedures the court and litigants follow in lawsuits like these, and he will provide some information about discovery procedures.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Pierre Kidd's motion for reconsideration of the court's screening order, Dkt. 54, is GRANTED. Plaintiff is now granted leave to proceed on the following claims:

   - Eighth Amendment excessive force and medical care claims against defendants Joel Sankey, Matthew Huelsman, and Jessie Schneider.

   - Official-capacity Eighth Amendment and due process claims against defendant Randall Hepp.

   - A Rehabilitation Act claim against defendant Kevin A. Carr.

2. The caption is amended to include defendants Hepp and Carr.

3. Defendants may have until August 21, 2020, to file a responsive pleading for the claims against defendants Hepp and Carr.

4. Plaintiff's motion to supplement his allegations, Dkt. 61, is DENIED.

5. Plaintiff's motion for extension of time to file an amended complaint, Dkt. 67, is DENIED.

6. Plaintiff's motion to add a letter to the record, Dkt. 66, is DENIED as unnecessary.

7. Plaintiff's motions to join case No. 20-cv-83-jdp with this one, Dkt. 73 and Dkt. 74, are DENIED.

8. Plaintiff's motion asking the court to force defendants to present evidence, Dkt. 56, is DENIED.

9. The clerk of court is directed to send plaintiff a copy of the court's procedures to be followed on motions for injunctive relief, and to inform plaintiff how much of the filing fees he still owes for this case and case No. 20-cv-83-jdp.

Entered August 3, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge