IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

                        Plaintiff,

    v.                                                                           OPINION and ORDER

RANDALL HEPP, KEVIN A. CARR, JOEL SANKEY,                18-cv-831-jdp
MATTHEW HUELSMAN, and JESSIE SCHNEIDER,

                        Defendants.

---

Plaintiff Robert Pierre Kidd, appearing pro se, is a prisoner at Waupun Correctional Institution (WCI). Kidd alleges that he suffers from a seizure disorder and that defendant prison officials have repeatedly subjected him to mistreatment when he has seizures, including using excessive force, failing to provide him proper medical care, placing him in conditions that are dangerous given his seizures, and billing him for a correctional officer's injuries. He is proceeding on claims under the Eighth Amendment, Due Process Clause of the Fourteenth Amendment, and the Rehabilitation Act.

A. Kidd's filings

Both sides have filed a number of motions. I'll start with Kidd's recent filings. Many of these submissions are evidentiary materials that Kidd filed even though there was not a pending motion for which that evidence was appropriate. Other filings raise issues not related to his claims in this lawsuit, such as that prison staff won't let him have certain property upon his release from segregation and won't let him use release account funds. It's also unclear whether some of Kidd's filings were intended for this case or his other pending lawsuit, No. 20-cv-83-jdp. I won't address filings that aren't motions and that aren't related to the

claims at hand. In the future Kidd should make sure to include the relevant case number at the top of each filing so that the clerk of court knows which of his cases to docket his filings in.

Kidd has filed letters asking to join this case with the '83 lawsuit. Dkt. 99 and Dkt. 104. But I've already told Kidd that he cannot join his current allegations with the '83 case, Dkt. 79, at 6–7, and nothing in his current submissions gives me reason to reconsider that decision. Kidd also seeks to add allegations about being assaulted by gang members or about funds being taken from his trust fund account. Dkt. 88; Dkt. 89; Dkt. 92. The Federal Rules of Civil Procedure adopt a liberal standard for amendments: "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But his current proposed amendments do not meet that standard. I've already given Kidd multiple chances to amend his complaint in this case, and his current filings are not clear enough to make certain that his new claims comply with Federal Rules of Civil Procedure 18 and 20. So I will deny his motions to further expand his claims.

Kidd renews his request for the court's assistance in recruiting him counsel. Dkt. 82; Dkt. 87; Dkt. 90; Dkt. 93; Dkt. 107; Dkt. 108. I previously denied his motions for recruitment of counsel in part because he failed to show that he had made reasonable efforts to locate an attorney on his own. *See* Dkt. 50, at 3; Dkt. 79, at 5. Kidd has now shown that he has contacted several lawyers who have turned down his requests to represent him. But he still has not shown that this case will be too complicated for him to handle, and it is not yet clear that his claims will boil down to the type of complex medical issues that warrant assistance in recruiting counsel. I will deny his renewed motions. As the case progresses, if he continues to believe that he is unable to litigate the lawsuit himself, then he may renew his motion, but he will have to explain what specific litigation tasks he cannot perform himself.

Kidd asks the court to order a WCI social worker to contact family members or give him contact information for his family members in anticipation of upcoming brain surgery. And he asks to postpone the trial date, which is currently set for January 2022. Dkt. 113. His request about family contact information is another issue that's unrelated to the claims in this case so I won't address it further. As for his surgery, it's understandable that a party faced with what appears to be a major surgery would ask to postpone the schedule. But the trial date is almost a year away and Kidd doesn't explain when his surgery is or what his doctor expects his recovery time to be. I'll deny his motion to amend the schedule for now. Kidd is free to renew his motion but if he does so he will have to explain his surgery date and more about his expected limitations in the aftermath of the surgery.

**B. Defendants' filings**

Defendants have filed a motion for partial summary judgment based on Kidd's failure to exhaust his administrative remedies for his (1) official-capacity Eighth Amendment claims that prison handbook policies authorized staff to mistreat Kidd; and (2) his Rehabilitation Act claim that he was placed in segregation because of his seizures, keeping him from services, programs, and activities available to inmates in general population.

The Prison Litigation Reform Act requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules

3

require," *Pozo*, 286 F.3d at 1025. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the rules of the inmate complaint review system (ICRS) set forth in Wisconsin Administrative Code Chapter DOC 310. There are certain limits to inmates' use of the ICRS: inmates can't use the normal grievance system to raise issues related to conduct reports unless the inmate has already exhausted his disciplinary appeals. Wis. Admin. Code § DOC 310.06(2)(b). Even then, after the disciplinary appeal is complete, an inmate may use ICRS grievances only to appeal procedural errors. Wis. Admin. Code § DOC 303.82(4). Accordingly, if an issue relates to events that are the subject of a conduct report, the inmate must raise that issue in the disciplinary proceedings. *Harris v. Iverson*, No. 16-cv-594-jdp, 2018 WL 1245736, at *2 (W.D. Wis. Mar. 9, 2018), *aff'd*, 751 F. App'x 945 (7th Cir. 2019).

Defendants provide a copy of Kidd's ICRS grievance history. They discuss several grievances that he filed about individual incidents in which he believes that prison officials violated his rights during a seizure by failing to give him medical treatment, using excessive force against him, or giving him a conduct report. In most of these incidents, Kidd was given a conduct report for disobeying orders, acting in a disruptive way, or assaulting officers; Kidd maintains that he should not have been disciplined because he was having seizures and he couldn't control his actions.

Some of these grievances were rejected because they pertained to conduct report proceedings and Kidd hadn't exhausted the disciplinary appeal process. Others were rejected as untimely under the DOC regulations. The only grievance making all the way through the four-step ICRS system, No. WCI-2018-9655, was one in which all the examiners agreed that Kidd had failed to properly follow the DOC regulations by raising the issue in disciplinary proceedings first. *See* Dkt. 101-7. Because Kidd should have used the disciplinary-hearing process to exhaust claims related to his conduct reports, defendants also provide records of several of Kidd's disciplinary proceedings. Dkt. 102, attachments 7–12.

The grievance records show that Kidd failed to properly follow DOC procedures for each of his grievances. And even had he properly followed those procedures, neither the grievances nor the disciplinary records show that Kidd put prison staff on notice of his official-capacity claims about handbook policy—or any other prison or DOC policy—causing the repeated violation of his rights, or of his Rehabilitation Act claim about placement in segregation barring him from activities. *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) (to exhaust administrative remedies for a claim, plaintiff must "alert[ ] the prison to the nature of the wrong for which redress is sought.").

Kidd did not respond to defendants' exhaustion-based summary judgment motion by the deadline set by the court. This led defendants to file a motion to dismiss the case for Kidd's failure to prosecute it. Dkt. 106. A couple of weeks after his deadline, Kidd submitted more than 300 pages of documents along with a letter asking for more time to file even more evidentiary materials, although he doesn't explain what those materials would say and he doesn't directly address defendants' exhaustion arguments. Dkt. 112. I won't grant him an

5

extension of time to file more materials, but I will consider his filing as his response to defendants' motion for summary judgment.

I've reviewed Kidd's attached documents, most of which are copies of grievance or disciplinary-hearing records already submitted by defendants. It's clear that Kidd believes that he was having a seizure during each of these incidents and so it was unfair to be disciplined for them. But that isn't enough to put defendants on notice of the specific official-capacity Eighth Amendment claims he brings about prison policies causing the use of excessive force, denial of medical care, or deprivation of funds, or of his Rehabilitation Act claim about being denied activities in segregation. Both sides have provided copies of the WCI handbook and other prison policies, but Kidd does not discuss any of those policies in his response, nor is it obvious from the face of the policies how they could have caused the alleged violations of Kidd's rights in this case. Kidd also doesn't provide any evidence rebutting the records showing that he failed to properly follow ICRS procedural rules for any of his grievances about the incidents at issue here. Therefore I conclude that Kidd has failed to exhaust his administrative remedies for his official-capacity Eighth Amendment claims and his Rehabilitation Act claim, and I will dismiss those claims, as well as the defendants for those claims, WCI Warden Randall Hepp and DOC Secretary Kevin A. Carr. The dismissal of those claims will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). If Kidd believes that prison policies are violating his rights, he may still file grievances about those problems.

Given that Kidd did eventually file a response to the exhaustion motion and it is otherwise clear that he wishes to continue on with the case, I will deny defendants' motion to dismiss the case for Kidd's failure to prosecute it, and the case will proceed only on Kidd's

6

individual-capacity claims against defendants Joel Sankey, Matthew Huelsman, and Jessie Schneider. But I'll remind Kidd that he must timely respond to motions filed by defendants and follow this court's schedule and procedures. He should stop submitting letters and other filings about issues unrelated to the specific claims in this case; the court will not take action on those types of submissions.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Pierre Kidd's motions to join case No. 20-cv-83-jdp with this one, Dkt. 99 and Dkt. 104, are DENIED.

2. Plaintiff's motions to amend the complaint, Dkt. 88; Dkt. 89; Dkt. 92, are DENIED.

3. Plaintiff's motions for the court's assistance in recruiting him counsel, Dkt. 82; Dkt. 87; Dkt. 90; Dkt. 93; Dkt. 107; Dkt. 108, are DENIED without prejudice.

4. Plaintiff's motion to stay the trial date, Dkt. 117, is DENIED.

5. Defendants' exhaustion-based motion for summary judgment, Dkt. 100, is GRANTED.

6. Defendants' motion to dismiss the case for plaintiff's failure to prosecute it, Dkt. 106, is DENIED.

7. Defendants Randall Hepp and Kevin A. Carr are DISMISSED from the case.

Entered March 2, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge